ACCEPTED
03-15-00382-CV
7816336
THIRD COURT OF APPEALS
AUSTIN, TEXAS
11/13/2015 10:54:10 AM
JEFFREY D. KYLE
CLERK

## NO. 03-15-00382-CV

_____FILED IN
3rd COURT OF APPEALS

# IN THE THIRD COURT OF APPEALS OF TEXAS AUSTIN, TEXAS

11/13/2015 10:54:10 AM

JEFFREY D. KYLE

_____ Clerk

## STEVEN B. ARMBRUSTER,
### Appellant

## V.

## DEUTSCHE BANK NATIONAL TRUST COMPANY,
### Appellee

_____

### Appeal from the 277th District Court
### Williamson County, Texas

_____

### APPELLEES' BRIEF

_____

Peter C. Smart
Texas Bar No. 00784989
CRAIN, CATON & JAMES, P.C.
1401 McKinney St., Suite 1700
Houston, Texas 77010
(713) 658-2323 (Telephone)
(713) 658-1921 (Facsimile)
psmart@craincaton.com
Attorneys for Appellees, Deutsche Bank National Trust
Company as Indenture Trustee for New Century Home
Equity Loan Trust 2004-2 and Juanita Strickland

## ORAL ARGUMENT REQUESTED

# TABLE OF CONTENTS

TABLE OF CONTENTS..............................................................................................i

TABLE OF AUTHORITIES .................................................................................. iii

STATEMENT OF THE CASE...............................................................................iv

REQUEST FOR ORAL ARGUMENT ..................................................................iv

STATEMENT REGARDING RECORD REFERENCES........................................iv

ISSUES PRESENTED............................................................................................v

Issue 1

Appellant contends that the summary judgment evidence does not demonstrate that Carrington Mortgage Services, LLC (a non-party) was the mortgage servicer for the subject loan. Appellant did not raise that issue in the trial court, either in his response to the motion for summary judgment or at the hearing. Can Appellant raise an issue on appeal seeking to reverse a summary judgment when he did not raise the issue in the trial court?

Issue 2

The summary judgment evidence demonstrates that Carrington Mortgage Services, LLC was the mortgage servicer for the subject loan. There is no summary judgment evidence to the contrary. Can the summary judgment be reversed when the evidence conclusively demonstrates that Carrington Mortgage Services, LLC was the mortgage servicer for the subject loan?

STATEMENT OF FACTS ........................................................................................1

SUMMARY OF ARGUMENT ................................................................................5

ARGUMENT ....................................................................................................7

    1.      Standard for Affirming Summary Judgment.......................................7

    2.      Armbruster Waived Any Contention that Carrington Is Not the Mortgage Servicer for the Note and Deed of Trust. ............................7

    3.      The summary judgment evidence demonstrates that Carrington was the Mortgage Servicer for the Note and Deed of Trust. ...............8

    4.      The summary judgment evidence demonstrates that Carrington Was Entitled to Summary Judgment....................................................10

PRAYER ......................................................................................................10

CERTIFICATE OF COMPLIANCE......................................................................11

CERTIFICATE OF SERVICE ............................................................................12

# TABLE OF AUTHORITIES

**Cases**

*Bradley v. State ex rel. White,* 990 S.W. 2d 245 (Tex. 1999)....................................7

*City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671 (Tex. 1979) .......8

*McConnell v. Southside Indep. Sch. Dist.,* 858 S.W.2d 337 (Tex. 1993)..................7

*Nixon v. Mr. Prop. Mgmt. Co.,* 690 S.W.2d 546 (Tex. 1985) ..................................7

*Travis v. City of Mesquite,* 830 S.W.2d 94 (Tex. 1992) ............................................8

**Statutes**

Texas Business & Commerce Code, Section 3.205 .................................................2

**Rules**

Tex. R. Civ. P., Rule 166a(c) ...................................................................................7

## STATEMENT OF THE CASE

Appellant filed suit contending that the foreclosure of his residence is void (CR pages 7 - 17). Appellees each filed an answer denying Appellant's contentions (CR pages 104 – 109 & 110 - 119).

Appellees filed a motion for summary judgment (CR pages 125 - 240). The trial court granted the motion and entered judgment in favor of Appellees (CR pages 367 - 369). Appellant appeals the summary judgment.

## REQUEST FOR ORAL ARGUMENT

Appellees believe this case can be decided without the benefit of oral argument, but would welcome the opportunity.

## STATEMENT REGARDING RECORD REFERENCES

The Clerk's Record has one volume. References to the Clerk's Record will be shown by "CR page number." The Reporter's Record has 1 volume. References to the Reporter's Record will be shown by "RR page number."

# ISSUES PRESENTED

## Issue 1

Appellant contends that the summary judgment evidence does not demonstrate that Carrington Mortgage Services, LLC (a non-party) was the mortgage servicer for the subject loan. Appellant did not raise that issue in the trial court, either in his response to the motion for summary judgment or at the hearing. Can Appellant raise an issue on appeal seeking to reverse a summary judgment when he did not raise the issue in the trial court?

## Issue 2

The summary judgment evidence demonstrates that Carrington Mortgage Services, LLC was the mortgage servicer for the subject loan. There is no summary judgment evidence to the contrary. Can the summary judgment be reversed when the evidence conclusively demonstrates that Carrington Mortgage Services, LLC was the mortgage servicer for the subject loan?

NO. 03-15-00382-CV

_____

IN THE THIRD COURT OF APPEALS OF TEXAS

_____

STEVEN B. ARMBRUSTER,
Appellant

V.

DEUTSCHE BANK NATIONAL TRUST COMPANY,
Appellee

_____

APPELLEES' BRIEF

_____

STATEMENT OF FACTS

Appellant Steven Armbruster ("Armbruster") borrowed $151,000 from New Century Mortgage Corporation ("New Century") on May 7, 2004 in order to purchase residential real estate located at 621/623 Greenlawn Boulevard, Round Rock, Texas 78664 (the "Property") (CR page 157). The loan is memorialized via a promissory note (the "Note") executed by Armbruster and issued to New Century (CR pages 141 - 143).

Armbruster also executed a Deed of Trust (the "Deed of Trust") that was issued to New Century (CR pages 144 - 159). The Deed of Trust, which provides

1

a lien on the Property to secure Armbruster's obligations under the Note and Deed of Trust, provides, among other things, that:

> **Sec. 20. Sale of Note;** … The Note … (together with this Security Instrument) can be sold one or more times without prior notice to Borrower (CR page 154)

New Century indorsed and assigned the Note to Appellee Deutsche Bank National Trust Company as Indenture Trustee for New Century Home Equity Loan Trust 2004-2 ("Deutsche Bank, as Trustee of the Mortgage Trust") pursuant to Section 3.205 of the Texas Business & Commerce Code shortly after the loan was made (CR pages 143, 236 – 238 & 239 - 240).  Deutsche Bank, as Trustee of the Mortgage Trust, has possession of the original Note, as indorsed (CR pages 236 – 238 & 239 - 240).

New Century, which retained servicing rights to the Note after it was assigned, filed for bankruptcy in the United States Bankruptcy Court for the District of Delaware in April 2007.  In May 2007, the bankruptcy court approved the sale of New Century's servicing business to Carrington Mortgage Services, LLC ("Carrington") and authorized New Century to execute all documents, instruments and papers necessary to effectuate the sale of its servicing business to Carrington (CR page 172).

New Century and the liquidating trustee in New Century's bankruptcy case each executed separate limited powers of attorney appointing Carrington as

2

attorney in fact and authorizing Carrington to execute deeds of trust/mortgage note endorsements, assignments of deed of trust/mortgage, assign mortgages and do any other act and complete any other document required in the normal course of servicing (CR pages 190 & 191). Deutsche Bank, as Trustee of the Mortgage Trust, also executed a limited power of attorney appointing and authorizing Carrington to be the mortgage servicer and its attorney-in-fact as to the Note and Deed of Trust (CR pages 192 - 196). Carrington services, and at all pertinent times hereto has serviced, the Note and Deed of Trust on behalf of Deutsche Bank, as Trustee of the Mortgage Trust (CR pages 236 - 238).

The assignment of the Note and Deed of Trust to Deutsche Bank, as Trustee of the Mortgage Trust, is memorialized via an instrument entitled Assignment of Note and Deed of Trust, which is on file in the Williamson County real property records (CR page 197).

Armbruster defaulted several times (CR pages 198 – 203, 207, 208 – 212 & 236 - 238). Armbruster has not made a payment on the Note since September 2010 (CR pages 207 & 236 - 238).

Carrington provided Plaintiff with notice of default and an opportunity to cure in February 2011 (CR pages 208 212). In that notice of default letter, Carrington informed Armbruster that it was servicing the Note and Deed of Trust

3

under a mortgage servicing agreement and pursuant to the Texas Property Code (CR pages 208 – 209).

Carrington provided Armbruster with notice of acceleration of the Note two different times (CR pages 215 – 225 & 226 - 231). The foreclosure trustee named in the Deed of Trust was removed and a substitute trustee appointed in April 2011, as reflected in a document entitled Removal of Trustee - Appointment of Substitute Trustee, which is on file in the Williamson County real property records (CR pages 213 - 214).

A foreclosure was posted for October 2011, and Armbruster was provided notice of the foreclosure sale (CR pages 226 – 231 & 232 - 233). Deutsche Bank, as Trustee of the Mortgage Trust, purchased the Property at the foreclosure sale (CR pages 232 - 235).

Armbruster filed this suit contending that the foreclosure sale is void because (according to Armbruster) the assignment of the Note and Deed of Trust to Deutsche Bank, as Trustee of the Mortgage Trust, is void and also because (according to Armbruster) there is no evidence that Carrington was appointed attorney in fact for New Century (CR page 12). Armbruster did not allege that Carrington was not the servicer of the Note and Deed of Trust (CR pages 7 – 17).

Appellees filed a motion for summary judgment under both traditional and no evidence grounds (CR pages 125 – 240). Armbruster filed a response, but did

not contend in his response that Carrington was not the mortgage servicer for the Note and Deed of Trust (CR pages 241 – 366) nor did Armbruster argue at the summary judgment hearing that Carrington was not the mortgage servicer for the Note and Deed of Trust (RR pages 1 – 30).

The trial court granted Appellees' motion for summary judgment, disposing of all issues in the case (CR 367 – 369).

Armbruster filed this appeal, contending that: (i) the no evidence portion of the motion for summary judgment was flawed; and (ii) the summary judgment record does not demonstrate that Carrington was the servicer of the Note and Deed of Trust, an issue Armbruster did not raise at the trial court level.

## SUMMARY OF ARGUMENT

Armbruster asserts, for the first time on appeal, that Carrington was not the mortgage servicer for the Note and Deed of Trust. That assertion cannot form the basis for reversal of the trial court's summary judgment because that contention was not expressly presented to the trial court in writing in response to the motion for summary judgment.

Moreover, the summary judgment evidence conclusively demonstrates that Carrington was the mortgage servicer. The Delaware bankruptcy court approved the sale of New Century's servicing business to Carrington in 2007.

New Century and the liquidating trustee for New Century's bankruptcy each signed limited powers of attorney appointing Carrington as attorney in fact and authorizing Carrington to take any action as mortgage servicer.

Deutsche Bank, as Trustee of the Mortgage Trust, executed a limited power of attorney appointing and authorizing Carrington to be the mortgage servicer and its attorney-in-fact as to the Note and Deed of Trust.

Carrington testified under oath that, at all pertinent times, it has serviced the Note and Deed of Trust on behalf of Deutsche Bank, as Trustee of the Mortgage Trust. Carrington provided Plaintiff with a notice of default and an opportunity to cure letter in February 2011 wherein it informed Armbruster that it was servicing the Note and Deed of Trust under a mortgage servicing agreement and pursuant to the Texas Property Code.

Armbruster offered no summary judgment evidence to contradict any of that evidence.

Armbruster has not raised any other issue on appeal contends that Appellees were not entitled to judgment on its traditional motion for summary judgment. The record on appeal conclusively demonstrates that Appellees' traditional motion for summary judgment should be affirmed. Therefore, there is no need to address whether the no evidence portion of the motion should be affirmed.

6

## ARGUMENT

### 1.   Standard for Affirming Summary Judgment

A party moving for summary judgment on traditional grounds has the burden of showing no genuine issue of material fact exists and that it is entitled to judgment as a matter of law.  *See* Tex. R. Civ. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.,* 690 S.W.2d 546, 548 (Tex. 1985).  If a summary judgment order does not specify the ground or grounds relied upon for a ruling, the ruling will be upheld if any of the grounds in the summary judgment motion can be sustained.  *Bradley v. State ex rel. White,* 990 S.W. 2d 245, 247 (Tex. 1999).

### 2.   Armbruster Waived Any Contention that Carrington Is Not the Mortgage Servicer for the Note and Deed of Trust.

Armbruster's contention that Carrington was not the mortgage servicer for the Note and Deed of Trust was not raised at the trial court level.  Therefore, Armbruster waived that issue as a basis for appeal.  The Texas Rule of Civil Procedure pertaining to a motion for summary judgment specifically provides:

> Issues not expressly presented to the trial court by written motion, answer of other response shall not be considered on appeal as grounds for reversal.  Tex. R. Civ. P. 166a(c).

An issue that a non-movant contends avoid a movant's entitlement to summary judgment must be expressly presented by written answer to the motion or by other written response.  *See McConnell v. Southside Indep. Sch. Dist.,* 858 S.W.2d 337, 341 (Tex. 1993).  In an appeal from a summary judgment, issues to be

7

reviewed by the appellate court must have been actually presented to and considered by the trial court. *See City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 675-77 (Tex. 1979). Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal. *See Travis v. City of Mesquite,* 830 S.W.2d 94, 99-100 (Tex. 1992).

Armbruster did not contend in his response to the motion for summary judgment that Carrington was not the mortgage servicer of the Note and Deed of Trust (CR pages 241 – 366) nor did Armbruster argue at the summary judgment hearing that Carrington was not the mortgage servicer of the Note and Deed of Trust (RR pages 1 – 30). Therefore, Armbruster's contention that Carrington was not the mortgage servicer for the Note and Deed of Trust may not be considered as a basis for appeal of the summary judgment in this case.

3. **The summary judgment evidence demonstrates that Carrington was the Mortgage Servicer for the Note and Deed of Trust.**

The summary judgment evidence demonstrates that Carrington Mortgage Services, LLC was the mortgage servicer for the Note and Deed of Trust.

In May 2007, the Delaware bankruptcy court approved the sale of New Century's servicing business to Carrington and authorized New Century to execute all documents, instruments and papers necessary to effectuate the sale of its servicing business to Carrington (CR page 172).

8

New Century and the liquidating trustee in New Century's bankruptcy case each executed separate limited powers of attorney appointing Carrington as attorney in fact and authorizing Carrington to execute deeds of trust/mortgage note endorsements, assignments of deed of trust/mortgage, assign mortgages and do any other act and complete any other document required in the normal course of servicing (CR pages 190 & 191).

Deutsche Bank, as Trustee of the Mortgage Trust, executed a limited power of attorney appointing and authorizing Carrington to be the mortgage servicer and its attorney-in-fact as to the Note and Deed of Trust (CR pages 192 - 196).

Carrington testified under oath that, at all pertinent times, it has serviced the Note and Deed of Trust on behalf of Deutsche Bank, as Trustee of the Mortgage Trust (CR pages 236 - 238).

Carrington provided Plaintiff with a notice of default and an opportunity to cure letter in February 2011 wherein it informed Armbruster that it was servicing the Note and Deed of Trust under a mortgage servicing agreement and pursuant to the Texas Property Code (CR pages 208 – 209).

Armbruster offered no summary judgment evidence to contradict any of that evidence. Therefore, the summary judgment evidence conclusively demonstrates that Carrington was the mortgage servicer for the Note and Deed of Trust.

4. **The summary judgment evidence demonstrates that Carrington Was Entitled to Summary Judgment.**

Armbruster has not raised any other issue on appeal contending Appellees were not entitled to judgment on its traditional motion for summary judgment. The record on appeal conclusively demonstrates that Appellees' traditional motion for summary judgment should be affirmed. Therefore, there is no need to address whether the no evidence portion of the motion should be affirmed.

**PRAYER**

Wherefore, Appellees ask the Court affirm the trial court's summary judgment.

Respectfully submitted,

By: /s/ *Peter C. Smart*

Peter C. Smart
State Bar No. 00784989
Crain, Caton & James, P.C.
1401 McKinney St., Suite 1700
Houston, Texas 77010
(713) 658-2323 (Telephone)
(713) 658-1921 (Facsimile)
psmart@craincaton.com
Attorneys for Appellees, Deutsche Bank National Trust Company as Indenture Trustee for New Century Home Equity Loan Trust 2004-2 and Juanita Strickland

10

## CERTIFICATE OF COMPLIANCE

Pursuant to TRAP 9.4(i)(3), the undersigned certifies that this document, excluding those parts not counted pursuant to TRAP 9.4(i)(1), contains 1,996 words.

/s/ *Peter C. Smart*
Peter C. Smart

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been served on the following counsel of record through the electronic filing system and via regular mail this 13th day of November 2015:

David Rogers
Law Offices of David Rogers
1201 Spyglass, Suite 100
Austin, Texas  78746


/s/ *Peter C. Smart*
Peter C. Smart